UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TROY STUBBS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FRED JOHNSON,<br><br>　　　　　　Defendant. | NO.  CV-08-304-RHW<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE<br><br>**1915(g)** |

　　　Before the court is Plaintiff's First Amended Complaint (Ct. Rec. 15).  Plaintiff, a prisoner at the Stafford Creek Corrections Center in Aberdeen, Washington, is proceeding *pro se* and has paid the full filing fee for this action.  Plaintiff seeks monetary damages under the following provisions of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12131 and 12181, for injuries he sustained while housed at the Pend Orielle County Jail in Eastern Washington.

　　　Because an amended complaint functions as a complete substitute for, rather than a mere supplement to, the original complaint, all grounds alleged in an original complaint which are not alleged in the amended complaint are waived. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990)("an amended pleading supersedes the original"); *King v. Atiyeh,* 814 F.2d 565 (9th Cir. 1987).  Therefore, **IT IS ORDERED** the District Court Executive shall

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 1

**TERMINATE** Defendants Mike Cress, Steve Higgins/Weeks and Pend Oreille County Jail from this action.

### 42 U.S.C. § 12181

Plaintiff states he is bringing this action pursuant to 42 U.S.C. § 12181. That subsection falls within Title III of the ADA, 42 U.S.C. §§ 12181-12189. A party attempting to bring an action under Title III, however, would only be entitled to injunctive relief. *See* 42 U.S.C. § 12188(a)(2) (1994) (providing for injunctive relief in private suits by affected parties).

Therefore, even if Plaintiff properly brought his claims under 42 U.S.C. § 12181, his remedy would be limited to injunctive relief. Any claim for injunctive relief is rendered moot by his transfer from the Pend Oreille County Detention Center to the custody of the Department of Corrections at the Stafford Creek Corrections Center in Aberdeen, Washington. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1990); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). Consequently, Plaintiff has failed to state a cognizable claim for monetary relief under 42 U.S.C. § 12181.

### 42 U.S.C. § 12131

Plaintiff contends he suffered bodily injury on May 31, 2006, while in pre-trial confinement at the Pend Oreille County Detention Center. At that time, Plaintiff states he was in a leg brace and using crutches due to an ankle injury he had sustained two days previously. He contends, despite previous requests by himself and other inmates, T.V. cables were not properly maintained at the Detention Center, causing him to trip and fall while stepping over a

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 2

T.V. cable in a doorway on May 31, 2006. He contends Defendant Johnson failed to act to properly maintain the T.V. cables and fix electrical outlets, knowing the Detention Center was not in compliance with the ADA.

It appears Plaintiff's claims are not appropriate under the ADA. Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131, a "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services or the participation in programs or activities provided by a public entity".

Contrary to Plaintiff's assertion, temporary incapacitation due to a two-day-old ankle injury would not qualify Plaintiff as "disabled" within the meaning of the ADA, 42 U.S.C. § 12101 et seq. Plaintiff presents no facts stating this was a recurring incapacity, or that any limitations associated with the ankle injury were of other than a short duration. *See e.g., McDonald v. Department of Pub. Welfare, Polk Ctr*. 62 F.3d 92, 96 (3d Cir. 1995). Plaintiff fails to allege facts from which the court could infer he was discriminated against by reason of a qualifying disability.

As set forth in the Order to Amend or Voluntarily Dismiss (Ct.

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 3

Rec. 12), Plaintiff's allegations are the substance of an ordinary slip-and-fall tort action based on negligence.  Such allegations do not rise to the level of a constitutional violation under 42 U.S.C. § 1983, Plaintiff's attempt to cloak them as ADA claims notwithstanding.

### MEDICAL TREATMENT

Plaintiff brings this action against Defendant Johnson in his official capacity, claiming he denied Plaintiff's requests to see a doctor.  Plaintiff asserts deliberate indifference to his serious medical needs.  While this claim appears to be one under 42 U.S.C. § 1983, state officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 n.24 (1997); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  Therefore, **IT IS ORDERED** Plaintiff's Eighth Amendment claim against Defendant Johnson is **DISMISSED with prejudice.**

The court cautioned Plaintiff if he chose to amend and the Amended Complaint failed to state a claim upon which relief may be granted, it would be dismissed.  Therefore, for the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, **IT IS ORDERED** Plaintiff's First Amended Complaint is **DISMISSED with prejudice** for failure to state claims upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma*

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 4

*pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.  **IT IS FURTHER ORDERED** any pending motions are **DENIED as moot**.

**DATED** this 26th day of January 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 5